# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK D. LACKEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-12-142-JHP-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Jack D. Lackey requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is deemed disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 4, 1977, and was thirty-two years old at the time of the administrative hearing (Tr. 23-24). He has a high school education and past relevant work as a sales person, cleaner, laborer, and pipe supply server (Tr. 45). The claimant alleges that he has been unable to work since December 15, 2007 because of a learning disability, gout, and arthritis (Tr. 162).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on December 2, 2008 (Tr. 128, 131). His applications were denied. ALJ Trace Baldwin held an administrative hearing and found the claimant was not disabled in a written opinion dated September 24, 2010 (Tr. 11-16). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant had no severe impairments and was therefore not disabled (Tr. 16).

## Review

The claimant contends that the ALJ erred by failing to find that he had medically determinable impairments and to determine the severity of such impairments. The ALJ did fail to properly analyze the claimant's depression in accordance with the applicable regulations, 20 C.F.R. §§ 404.1520a; 416.920a, and the decision of the Commissioner should therefore be reversed and the case remanded for further analysis.

The record reveals that the claimant appeared at WW Hastings Indian Hospital for treatment related to pain in his ankle and left foot related to gout (Tr. 208, 210, 212, 213, 278). On August 24, 2009, physician notes state that the claimant has flare ups of gout every three months (Tr. 278).

State agency physician Dr. Mohammed Quadeer, M.D. examined the claimant on April 2, 2009 (Tr. 217-23). Dr. Quadeer noted that he complained of gout in his right knee and ankle for which he was took meloxicam (Tr. 217). His examination revealed a normal range of motion and was essentially unremarkable. Dr. Quadeer's assessment was right knee and ankle pain, anxiety and depression, history of learning disability, and past history of suicidal ideation (Tr. 219).

State agency physician Dr. Beth Jeffries, Ph.D. examined the claimant on April 4, 2009 (Tr. 224-27). The claimant related that he was afraid to drive because he becomes anxious and afraid of going to jail (Tr. 224). Dr. Jeffries noted that the claimant had no problems doing his activities of daily living, had logical and goal directed thought process, his mood was steady, euthymic, and his affect was full range (Tr. 225). Dr. Jeffries estimated that the claimant's IQ was above 80, and that his math problems were due to low academic achievement rather than concentration (Tr. 226). Her diagnostic impression was that the claimant had adjustment disorder, depressed reaction, mild (Tr. 226). Finally, Dr. Jeffries wrote that the claimant's mild depressive like symptoms were "unlikely to be significant enough to interfere significantly in his ability to perform in social or occupational settings" (Tr. 226).

On April 28, 2009, state agency physician Dr. Joan Holloway, Ph.D. reviewed the claimant's records and completed a Psychiatric Review Technique form, opining that the his symptoms fell under the umbrella of affective disorders, but finding that his mental impairment was not severe (Tr. 228).

The claimant was evaluated for an initial assessment at BWCMHSAC on March 24, 2010 (Tr. 248-56). At that time, the claimant reported that he had depression and hallucinations and that he stays up all night and sleeps during the day (Tr. 248). The claimant also reported that he was picked up by his neck and slammed against a tree by his step-dad, and that he continues to think about this experience (Tr. 248). The claimant stated that he was made fun of in school and has difficulty making friends (Tr. 249). The

claimant rated his health a nine on a ten point scale and cited his gout as the only problem (Tr. 251). The diagnosis at that time was major depressive disorder, recurrent, moderate, and his GAF was assessed to be a 50 (Tr. 254). At his next appointment on April 12, 2010, Dr. Maxie Raine, M.D. opined that the claimant was "most likely seeking BW to help him get SSI/SSD" (Tr. 246).

"When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a [and § 416.920a] and the Listing of Impairments and document the procedure accordingly." *Cruse v. United States Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). In conducting a "PRT analysis" pursuant to these regulations, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1), and then determine the degree of function that the claimant has lost as a result of the impairment by assessing the claimant's level of functioning in four specific areas. *Cruse*, 49 F. 3d at 617. The four broad areas of function are the following: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and, (iv) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must assess the degree of functional loss in each area on a five-point scale. The first three areas utilize descriptive terms of none, mild, moderate, marked, and extreme. The fourth area utilizes numerical terms of none,

one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). The ALJ does not have to personally complete a PRT form, but he must document his findings in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e).

The ALJ in this case found that the claimant suffered from no severe mental impairment but failed to document his findings related to the four areas of functioning with respect to the claimant's alleged impairment of depression. The Commissioner notes that the ALJ *did* mention the agency physician's conclusion that the claimant had no severe mental impairment, but there is other evidence regarding the claimant's depression, *e. g.*, the diagnosis of major depressive disorder, recurrent, moderate, and the assignment of a GAF of 50 at BWCMHSAC (Tr. 254), which the ALJ also mentioned in his decision. But the fact remains that the ALJ wholly failed to document any findings that he may have made even if he did follow the proper procedure for evaluating mental impairments. *See, e. g.,* 20 C.F.R. § 404.1520a(e) ("At the administrative law judge hearing . . . we will document application of the technique in the decision . . . the written decision must incorporate the pertinent findings and conclusions based on the technique . . . The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."). The decision of the Commissioner should therefore be reversed and the case remanded for a proper analysis of the claimant's impairments at step two.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma